IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BROOKS & BROOKS SERVICES, INC., <br><br> Defendant. | Case No. 1:08-cv-00569 <br> Judge Sullivan |

## ANSWER

The defendant, Brooks & Brooks Services, Inc. ("Defendant"), through its attorneys Constangy, Brooks & Smith, LLC, hereby submits this Answer to the Complaint in the above-referenced matter filed by the Service Employees International Union National Industry Pension Fund, et al., ("Plaintiffs") and served on Defendant on or about April 30, 2008.

**AS TO INTRODUCTION JURISDICTION AND VENUE**

1.    Defendant admits that Plaintiffs have brought this action pursuant to the laws set forth in paragraph 1 of the Complaint, but denies that Plaintiffs are entitled to any relief there under.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.    Defendant admits the allegations contained in paragraph 3 of the Complaint.

## AS TO PARTIES

4.	Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 4 of the Complaint as to the nature and purpose of Pension Fund's business or residency and therefore denies the same.  Defendant denies that a copy of the Pension Fund Agreement and Declaration of Trust is attached as Exhibit A to the Complaint.  Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5.	Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 5 of the Complaint and therefore denies the same.

6.	Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 6 of the Complaint and therefore denies the same.

7.	Defendant admits that it is registered as a corporation and is a resident of and operates under the laws of the District of Columbia.  Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8.	Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.	Defendant admits that it was a party to a collective bargaining agreement with SEIU Local 79 and that it employed workers who were represented by SEIU Local 79, and that Exhibit A to the complaint appears to be a copy of an Agreement between SEIU Local 79 and Defendant for the period November 1, 2000 through October 31, 2003.  Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.	Defendant admits the allegations contained in paragraph 10 of the Complaint.

## AS TO ALLEGED FACTUAL BACKGROUND AND STATEMENT OF CLAIM

11.     Defendant admits that it employed workers represented by SEIU Local 79, and that it was obligated to make contributions to the Pension Fund on behalf of certain covered employees.  Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12.     Defendant is without sufficient knowledge or information to admit or deny the allegation in paragraph 12 of the Complaint as to when the Pension Fund determined that there was a complete withdrawal by Defendant from the Pension Fund.  Defendant admits the remaining allegations contained in paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in paragraph 13 of the Complaint.

14.     The allegation contained in paragraph 14 is a statement of law, which requires no response.  To the extent that a response may be required, Defendant denies the allegations contained in paragraph 14.

15.     As to that portion of paragraph 15 which is a statement of law, Defendant answers that no response is required.  To the extent that a response may be required, Defendant denies the statement of law.  Defendant denies the remaining allegations contained in paragraph 15.

16.     Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.     As to that portion of paragraph 17 which is a statement of law, Defendant answers that no response is required.  To the extent that a response may be required, Defendant denies the statement of law.  Defendant denies the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant is without sufficient knowledge or information to admit or deny the allegation in paragraph 19 of the Complaint and therefore denies the same.

20. Defendant is without sufficient knowledge or information to admit or deny the allegation in paragraph 20 of the Complaint and therefore denies the same.

## AS TO COUNT I

21. Defendant reasserts its answers, defenses and responses to paragraphs 1 through 20 of the Complaint.

22. Defendant admits that Plaintiffs bring their claims under the laws set forth in paragraph 22 of the Complaint, but denies that Plaintiffs are entitled to any relief there under.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies that Plaintiffs are entitled to any of the relief requested in the paragraph beginning "WHEREFORE" and including all of the subparts thereof, and further denies that Plaintiffs are entitled to any relief from Defendant whatsoever.

29. Defendant denies any and all allegations of the Complaint not herein above expressly admitted.

## **SEPARATE DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiffs, Defendant states the following defenses:

**FIRST SEPARATE DEFENSE**

Some or all of Plaintiffs' allegations fail to state a claim for which relief can be granted.

**SECOND SEPARATE DEFENSE**

To the extent that Plaintiffs failed to file suit within the statute of limitations applicable to their claims, such claims are barred.

**THIRD SEPARATE DEFENSE**

To the extent Plaintiffs failed to mitigate damages, if any, Plaintiffs may not recover from Defendant.

**FOURTH SEPARATE DEFENSE**

This action and the remedies sought are barred to the extent that Plaintiffs failed to comply with all conditions precedent to the commencement of this action.

**FIFTH SEPARATE DEFENSE**

Some or all of Plaintiffs' claims are barred to the extent that Plaintiffs failed to exhaust required administrative remedies.

**SIXTH SEPARATE DEFENSE**

This action is frivolous, unreasonable, and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with its defense of this action.

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

WHEREFORE, Defendant respectfully requests that this Court:

    a.    enter an Order dismissing with prejudice Plaintiffs' Complaint in its entirety;

  b.  deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

  c.  award to Defendant its attorneys' fees and its costs; and

  d.  grant such further relief as the Court may deem just and proper.

  RESPECTFULLY SUBMITTED,

         CONSTANGY, BROOKS & SMITH, LLC


Dated: June 10, 2008  By: /s/
         Robert P. Floyd, III, D.C. Bar No. 464996
         Monument Corner Drive, Suite 520
         Fairfax, Virginia 22030
         rfloyd@constangy.com
         (571) 522- 6100
         (571) 522-6101 (facsimile)

         ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2008, I electronically filed the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Richard C. Welch**.

         By: /s/
         Robert P. Floyd, III
         Monument Corner Drive, Suite 520
         Fairfax, Virginia 22030
         rfloyd@constangy.com
         (571) 522- 6100
         (571) 522-6101 (facsimile)